CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 14 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| INNOTEC LLC, <br><br> Plaintiff, <br><br> v. <br><br> VISIONTECH SALES, INC., et al., <br><br> Defendants. <br><br> VISIONTECH SALES, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> INNOTEC, et al., <br><br> Counterclaim Defendants. | Civil Action No. 3:17CV00007 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> Senior United States District Judge |

On July 20, 2018, the court granted the defendants' motion to compel arbitration as to Count I of the plaintiff's complaint. The court directed the parties to brief the issue of whether the remaining claims should be stayed pending the resolution of the arbitration proceedings. The parties have filed simultaneous briefs setting forth their respective positions on this issue. Additionally, the plaintiff has renewed its motion for sanctions based on alleged violations of discovery orders, and the defendants have moved to refer the case for mediation. For the following reasons, the court will temporarily stay all further proceedings pending arbitration, with the exception of those related to the plaintiff's motion for sanctions and the enforcement of the parties' existing discovery obligations. The defendants' motion to refer the case for mediation will be denied.

## Background

On February 1, 2017, Innotec, LLC ("Innotec") filed the instant action against Visiontech Sales, Inc. ("Visiontech"), Richard Perrault, and Visiontech Sales Group Hong Kong, Ltd. ("VSG HK"), seeking to obtain payment for products ordered from Innotec. The complaint contains five counts: (1) "Breach of Contract by [Visiontech] – For the sale of goods pursuant to the Exclusivity Agreement"; (2) "Breach of Contract by [Visiontech] – Unpaid invoices for the sale of goods and open purchase orders"; (3) "Unjust Enrichment against [Visiontech]"; (4) "Breach of Contract by VSG HK"; and (4) "Personal Liability against Owners of [Visiontech] and VSG HK." Compl. ¶¶ 30-44, Docket No. 1. On March 16, 2017, the defendants answered Innotec's complaint and filed counterclaims against Innotec and its managing member, Allen Ting.

The Exclusivity Agreement referenced in Count I of the complaint is one of several written agreements on which the parties' claims are based. It is the only agreement that contains an arbitration clause. The clause provides, in pertinent part, that "[a]ny controversies or disputes arising out of or related to this Agreement shall be resolved by binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association." Compl. Ex. B at 3, Docket No. 1-2. The clause further provides that "[t]he decision rendered by the arbitrator(s) shall be final and binding on the parties," and that "judgment may be entered in conformity with the decision in any court having jurisdiction." Id.

On March 9, 2018, the defendants moved to compel arbitration as to Count I of the complaint. Innotec opposed the motion, arguing, in part, that the defendants waived the right to enforce the arbitration provision by not filing the motion until after the parties had engaged in discovery and the plaintiff had moved for sanctions for alleged discovery violations. Upon

reviewing the parties' briefs and the applicable law, the court concluded that Innotec had not met its "heavy burden" of proving waiver. See July 20, 2018 Mem. Op. 12, Docket No. 132 (quoting Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 702 (4th Cir. 2012)). The court further concluded that the arbitration provision of the Exclusivity Agreement is enforceable against Innotec, and that the claims asserted in Count I fall within the scope of the provision. Accordingly, the court granted the defendants' motion to compel arbitration as to Count I.

The defendants did not move to compel arbitration as to any other count in the complaint, and neither side addressed how the remaining claims should proceed in the event that the court required arbitration of Count I. Consequently, the court permitted the parties to submit additional briefing on that issue. Specifically, the court gave the parties until August 3, 2018 to file "simultaneous briefs addressing the issue of whether the remaining claims should be stayed pending the arbitration proceedings related to Count I." Id. at 17.

On August 2, 2018, Innotec renewed its motion for sanctions for alleged discovery violations by the defendants. The following day, the parties filed briefs setting forth their respective positions on the propriety of staying the remaining claims pending arbitration.[1] On August 7, 2018, the defendants, who are now represented by different counsel, moved to refer the entire case to a neutral magistrate judge for mediation.

---

[1] The court notes that the defendants' brief went well beyond the court's instructions and argued entirely new positions in the alternative, namely that the court should compel arbitration of Counts II and III and dismiss Counts IV and V for failure to state a claim. The court declines to consider these alternative arguments, which have not been raised in any motion filed by the defendants. See, e.g., Herbert v. Nat'l Acad. of Sci., 974 F.2d 192, 195 (D.C. Cir. 1992) (emphasizing that consideration of new arguments raised for the first time in a reply brief would be "manifestly unfair" to the opposing side); Wallace v. Trost, No. 8:13-cv-03473, 2014 U.S. Dist. LEXIS 124292, at *11 (D. Md. Sept. 4, 2014) (noting that a reply brief is not a motion); see also Fed. R. Civ. P. 12(b) (providing that a motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed").

3

## Discussion

### I. Motion to Refer the Case for Mediation

Before turning to the primary issue of whether to stay further proceedings pending arbitration, the court will briefly address the defendants' new motion to refer the case for mediation. The defendants specifically seek to have the entire case referred to mediation and request that the mediation be conducted by a magistrate judge who has not had any prior involvement in the case. Innotec opposes the motion and alternatively argues that any court-ordered mediation should be conducted by the same magistrate judge who has presided over the parties' discovery disputes. In light of the parties' disagreement, and given the court's prior decision to compel arbitration in accordance with the mandatory language of the Exclusivity Agreement, the court declines to refer the case for mediation and will therefore deny the defendants' motion.[2]

### II. Propriety of Staying Further Proceedings Pending Arbitration

Having previously compelled arbitration of the claims asserted in Count I of Innotec's complaint, the court must now determine whether to stay the remaining claims pending the resolution of the arbitration proceedings. "A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket." United States ex rel. Harbor Constr. Co. v. T.H.R. Enters., Inc., 311 F. Supp. 3d 797, 805 (E.D. Va. 2018) (citing Landis v. N.

---

[2] The court notes, however, that the Commercial Arbitration Rules of the American Arbitration Association ("AAA") require mediation in cases where a claim or counterclaim exceeds $75,000, unless a party to the arbitration affirmatively opts out of the mediation process by notifying the AAA and the other parties to the arbitration. See AAA Commercial Arbitration Rules and Mediation Procedures (effective Oct. 1, 2013), Rule R-9, available at https://www.adr.org/Rules (last visited Sept. 11, 2018). If any party wishes to initiate mediation under the auspices of the AAA, it may do so "by making a request for mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax," or by filing a request online via the AAA website. Id. at Rule M-2. "Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings." Id. at Rule R-9.

Am. Co., 299 U.S. 248, 254 (1936)); see also Am. Recovery Corp., 96 F.3d at 97. In exercising such discretion, "a court must 'weigh competing interests and maintain an even balance.'" Harbor Constr. Co., 311 F. Supp. 3d at 805 (quoting Landis, 299 U.S. at 255). "When arbitration is likely to settle questions of fact pertinent to nonarbitrable claims, 'considerations of judicial economy and avoidance of confusion and possible inconsistent results . . . militate in favor of staying the entire action.'" Am. Heart Disease Prevention Found. v. Hughey, 106 F.3d 389, 1997 U.S. App. LEXIS 1806, at *16 (4th Cir. 1997) (unpublished table opinion) (quoting Am. Home Assurance Co. v. Vecco Concrete Constr. Co., 629 F.2d 961, 964 (4th Cir. 1980)). "In such cases, the stay can apply to parties who may play no role in the arbitration." Id.

In the instant case, the court agrees with the defendants that the arbitration proceedings are likely to resolve factual questions relevant to most, if not all, of the parties' claims. In particular, the defendants maintain that all of Innotec's claims are barred by what they refer to as the "June 14, 2016 Agreement" between Innotec and Visiontech. See, e.g., Answer, Defenses, Jury Demand and Counterclaim 7, Docket No. 10. In their responsive pleading, the defendants contend that the June 14, 2016 Agreement "superseded" the Exclusivity Agreement on which Count I is based, that it constituted a "novation and settlement of any debts due" under the Exclusivity Agreement and other existing invoices, and that Innotec "committed the first and prior material breaches of the June 14, 2016 Agreement." Id. at 8-28. The defendants plead "novation" and "prior material breach" as affirmative defenses to each of Innotec's claims. Id. at 33. They also assert a counterclaim for breach of contract based, at least in part, on the same allegations regarding the June 14, 2016 Agreement. Id. at 36-40.

5

Thus, the factual questions surrounding the June 14, 2016 Agreement are central to the resolution of this case. Because these questions will likely be considered and addressed during the arbitration proceedings related to Count I, the court believes that "considerations of judicial economy and avoidance of confusion and possible inconsistent results" militate in favor of staying further proceedings on the remaining clams. Am. Home Assurance Co., 629 F.2d at 964. To alleviate Innotec's concerns regarding alleged discovery violations by the defendants, the court will retain jurisdiction over the pending motion for sanctions and the enforcement of the parties' existing discovery obligations.[3] See, e.g., ATAC Corp. v. Arthur Treacher's, Inc., 280 F.3d 1091, 1102 (6th Cir. 2002) (noting that "ample precedent" indicates that a district court retains "jurisdiction to determine collateral matters such as sanctions for discovery abuses even when a motion to stay a proceeding pending arbitration is granted") (collecting cases). Additionally, to ensure that the arbitration proceedings are "used for dispute resolution" and "not as a delay tactic," the court will only stay the action for a period of 120 days. Harbor Constr. Co., 311 F. Supp. 3d at 806; see also Am. Home Assurance Co., 629 F.3d at 964 (observing that the "district court has such control of its docket as to insure against unwarranted delay due to the arbitration proceedings"). The 120-day period shall only be extended upon a showing of good cause.

## Conclusion

For the reasons stated, the defendants' motion to refer the case to mediation will be denied. The court will exercise its discretion to stay all further proceedings in this action for a period of 120 days, with the exception of those related to the plaintiff's motion for sanctions and

---

[3] The pending motion for sanctions will be decided by the undersigned district judge.

the enforcement of the parties' existing discovery obligations. On or before December 11, 2018, the parties shall file a joint report summarizing the status of the arbitration proceedings and their respective positions on the continuing need for a stay.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 17th day of September, 2018.

_____
Senior United States District Judge